MEMORANDUM OF DECISION
CT Page 16027
This case presents a petition for the termination of the parental rights of Jacqueline C. and Damon N., also known as Joseph W., the biological parents of one minor child, Sap'phfire N., born on March 25, 1999. The termination of parental rights petition was filed with respect to the child on May 24, 2000. The child has been in foster care since March 30, 1999.
On November 6, 2000, the mother consented to the termination of her parental rights in open court. She filed a written consent on that date. The court found that the mother voluntarily and knowingly consented to the termination of her rights, having received the advice and assistance of competent legal counsel and having understood the consequences of her actions. Her consent was accepted by the court.
The court finds that the father, Damon N., also known as Joseph W., has failed to appear for trial. The father has been served, had counsel appointed and appeared for an initial court plea hearing on May 23, 2000. At that time he was incarcerated at Hartford Correctional Institution, later transferred to MacDougall Correctional Institution and was released from prison on June 10, 2000.
His court appointed counsel at the commencement of the trial for the termination of parental rights petition filed with the court a withdrawal of her appearance as father's counsel. In her motion she provided a confirmation that after the father's release from prison on June 10, 2000, he was deported to Jamaica on June 16, 2000. His attorney made numerous attempts to contact Damon personally and through his mother and never received any contact from Damon or from his mother. The court finds that he has actual notice of the pendency of this case, knows of the appointment of counsel and has defaulted in his attendance at trial. CT Page 16028
The court has jurisdiction in this matter, there is no pending action affecting custody of the child in any other court and reasonable efforts have been made to reunify this family. The petition has been amended to allege as the sole ground for termination of the mother, Jacqueline C., her consent to the termination. As to the child's father, DCF has alleged the non-consensual statutory ground for termination of his parental rights pursuant to General Statutes § 17a-112 (c) of abandonment. The court having read the verified petition, social study and addendum, the psychological evaluation of the mother and of the child and the interactional evaluation of the child and her foster parents, and having heard the testimony of Kelly F. Rogers, psychologist, makes the following findings.[2]
Sap'phfire N. was born on March 25, 1999 at St. Francis Hospital. A social worker made a referral to DCF because the baby had been exposed to marijuana during pregnancy as the mother had tested positive on two separate occasions. Further, the mother had not complied with any of her' pre-natal care.
The alleged father, Damon N., also known as Joseph W., is a national of Jamaica with an extensive criminal history for possession of narcotics, sale of controlled substances, assault, interference with a police officer, violation of probation, disorderly conduct and breach of peace. He only saw his daughter the day she was born. He has not recognized her on special occasions, has never sent her a card or gift. He has never contacted DCF to inquire about her well being since she came into the care and custody of DCF.
The father only appeared for the plea hearing on the petition for termination, and this was while he was incarcerated. The court questions whether he would have even appeared for that hearing but for the fact he was transported by the correctional facility. He was given a court appointed attorney which he failed to maintain contact. He has shown no interest in this matter.
 Termination Adjudication
The mother of Sap'phfire N. has consented to the termination of her rights to her child and the consent has been accepted by the court. No findings are necessary to be made pursuant to Conn. Gen. Stat. §17a-112 due to her consent.
"Abandonment occurs where a parent fails to visit a child, does not display love or affection for the child, does not personally interact with the child, and demonstrates no concern for the child's welfare." Inre Juvenile Appeal (Docket No. 9489), 183 Conn. 11, 14, 483 A.2d 801
CT Page 16029 (1981). The court finds by clear and convincing evidence the child has been abandoned by the father in the sense that the father failed to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of the child.
 Disposition
In the dispositional phase of a termination case, the court must consider whether DCF has proven by clear and convincing evidence that "termination is in the best interest of the child." Conn. Gen. Stat. § 17a-112 (c)(2). In arriving at a decision, the court must consider and make written findings regarding seven factors set out in Conn. Gen. Stat. § 17a-112 (e). The court makes the following factual findings which findings are made upon clear and convincing evidence:
1. (Finding regarding the timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent.)
The father was whereabouts unknown for the majority of this case except for the time when he was incarcerated. No services were offered to the father as he never made himself available to DCF.
2. (Finding regarding whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended.)
DCF was unable to make reasonable efforts to reunite the child with the father as his whereabouts have been unknown for the majority of this matter.
3. (Finding regarding the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order.)
No expectations were ever set for the father as he only appeared for one court hearing while he was incarcerated. Prior to his incarceration, he never appeared for any court hearing nor did he ever contact DCF for any assistance or to inquire about what he would need to do in order to be reunited with his child.
4. (Finding regarding the feelings and emotional ties of the child with respect to his/her parents, any guardian of his/her person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant CT Page 16030 emotional ties.)
Sap'phfire is attached to her foster parents and her foster siblings. She was placed with them since her birth and this has been her only placement. She looks to her foster parents to be soothed and for emotional reassurance. She is clearly bonded to them and has acquired an extended family through this system.
5. (Finding regarding the age of the child.)
Sap'phfire N. is one year and eight months old.
6. (Finding regarding the efforts the parent has made to adjust his/her circumstances, conduct, or conditions to make it in the best interest of the child to return him/her to his/her home in the foreseeable future, including, but not limited to: (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child.)
The father has done nothing to adjust his circumstances to make it in the best interests of the child to be returned to him.
7. (Finding regarding the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent.
There is no evidence that the unreasonable act or conduct of DCF personnel or any other person prevented the respondent father from maintaining a meaningful relationship with his child. DCF has taken all reasonable steps to ascertain the father's whereabouts and to notify him as required by law.
 Disposition
Based upon the foregoing findings, the court determines that it is in the best interests of Sap'phfire N. to terminate the rights of her biological father, Damon N., also known as Joseph W. A termination of the parental rights of Jacqueline C. and Damon N. is ordered. It is further ordered that the Commissioner of the Department of Children and Families be appointed the statutory parent for the child for the purpose of securing an adoptive family and a permanent placement for the child. The CT Page 16031 Commissioner shall file with this court a written report of efforts to effect such permanent placement no later than thirty days following the date of judgment and file further reports as are required by state and federal law.
SWIENTON, J.